IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. DEITZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS, INC.<br><br>　　　　Defendants.　　　　　　　　／ | No. C 06-06352 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND/OR TO STRIKE** |

**INTRODUCTION**

In this putative class-action lawsuit, plaintiff seeks to recover alleged unlawful charges for rented cable equipment provided by defendants Comcast Corporation and its affiliate. Plaintiff brought suit under California's Unfair Competition Law and False Advertising Law, and the Consumer Legal Remedies Act ("CLRA"). In addition, plaintiff seeks relief for defendants' unjust-enrichment and negligent misrepresentation. Defendants now move to dismiss all claims, which motion is **GRANTED IN PART AND DENIED IN PART.**

**STATEMENT**

At all material times, defendant Comcast Corporation was involved in three principal lines of business: (1) cable, through the development, management and operation of broadband communication networks, including video, high-speed internet and phone service; (2) commerce, through QVC, the company's electronic retailing subsidiary, and (3) content,

through consolidated programming investments. Defendant's acquisition of a broadband division became the largest cable operator in the United States, serving more than 21 million cable subscribers (Compl. ¶¶ 15–16).

Plaintiff Andrew Deitz resided in San Francisco and was a basic service customer of Comcast, which provided cable service to his home. As part of his service, plaintiff rented a cable converter box and remote control unit from Comcast, although he already owned a cable-ready television and a VCR capable of receiving basic cable programming without a converter box. It is unclear how long plaintiff subscribed and paid for his cable box and remote rental services. Plaintiff, however, eventually terminated his box and remote service, although he is still a Comcast subscriber for internet and telephone services (Opp. 13).

Plaintiff filed his original class-action complaint on September 11, 2006, in state court on his own behalf and on behalf of all other similarly-situated citizens in California who were allegedly charged for renting and paying for unnecessary cable equipment provided by Comcast. The federal Cable Communications Act expressly prohibits cable companies from billing for services or equipment "that the subscriber has not affirmatively requested by name." 47 U.S.C. 543(f). The complaint alleges that defendants failed to comply with the Act and Federal Communications Commission rules by failing to obtain subscribers' affirmative request for converters and/or remotes based on full disclosure to the subscriber of the need for these services (Compl. ¶ 7–9). Specifically, plaintiff asserts that defendants charged for the rental of cable converter box equipment, including the converter box and remote control, that were not required, at least in his case, to view basic level cable, expanded basic or standard cable, or other basic, non-premium cable programming in violation of 47 C.F.R. 76.1602(b)(1) (Compl. ¶¶ 1–2, 34). In addition, plaintiff contends that defendants also failed to promote the commercial availability of third-party remote controls that subscribers could use for all levels of service, including premium and basic programming in violation of 47 C.F.R. 76.1603 (Compl. ¶¶ 2, 34). Plaintiff also alleges that defendants violated Section 17200 of California's Unfair Competition Law, Section 17500 of California's False Advertising Law, and the CLRA.

1  Furthermore, plaintiff asserts claims of negligent misrepresentation and unjust enrichment under
2  state law.
3     On October 11, 2006, defendants removed, asserting removal jurisdiction pursuant to
4  28 U.S.C. 1332(d)(2)(A), 1441(a) and 1453. Defendants then moved to dismiss all of plaintiff's
5  claims. *First*, defendants argue that plaintiff has no standing to seek prospective relief because
6  he no longer rents cable equipment from defendants. *Second*, defendants contend that
7  California Civil Code Section 1782 precludes plaintiff's damages claims under the CLRA
8  because he failed to comply with its notice provisions. *Third*, defendants argue that plaintiff's
9  negligent-misrepresentation allegations lack the requisite specificity. *Finally*, defendants move
10 to dismiss plaintiff's unjust-enrichment claims because his rights are governed by contract.
11    The Court issued a tentative ruling on December 7, 2006, after the parties agreed to
12 continue the hearing originally scheduled for the same date, to December 14, 2006. In its
13 tentative ruling, the Court allowed each party to file a memorandum critiquing the tentative
14 order. The Court issues this order after reviewing the parties' responses.

**ANALYSIS**

**1.    LEGAL STANDARD.**

17    In ruling on a Rule 12(b)(6) motion, a court may ordinarily look only at the face of the
18 complaint. *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Here, however,
19 defendants rely on extra-complaint material, namely (i) a notice and demand letter sent by
20 plaintiff's counsel to defendants dated September 11, 2006, and (ii) a notice to customers
21 regarding policies and complaint procedures sent to cable subscribers by defendants. A federal
22 court must treat a Rule 12(b)(6) motion as one for summary judgment under Rule 56 to the
23 extent such material is entertained, as here. *Cunningham v. Rothery (In re Rothery)*,
24 143 F.3d 546, 549 (9th Cir. 1998).

**2.    ARTICLE III STANDING AND PROSPECTIVE RELIEF.**

26    In this action, plaintiff seeks declaratory relief invalidating defendants' practice of
27 charging for unnecessary cable converter box equipment as a willful and knowing violation of
28 the Act, FCC rules, and state law, specifically with regard to consumer-fraud and

3

consumer-protection statutes. In addition, plaintiff seeks injunctive relief to require affirmative consumer consent based on full disclosure for rental of equipment and to enjoin defendants from renting cable converter box equipment and/or remotes to basic programming customers who have a cable-ready TV or a VCR. Plaintiff also seeks an accounting for any overcharges. Plaintiff once rented both a cable converter box and a remote control from defendants but no longer rents this equipment from defendants. He does not now subscribe to cable services at all.

This change in status has provoked our first issue — Article III standing. Defendants assert that plaintiff now lacks standing to seek prospective relief because he no longer rents a converter or remote control from defendants. Plaintiff is no longer a subscriber of any cable services.

To satisfy Article III's standing requirements, plaintiff must show that (1) he has suffered an "injury in fact" that is concrete, particularized, and actual (or imminent) rather than conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Additionally, where a plaintiff seeks declaratory and injunctive relief, as in this case, plaintiff must demonstrate that he is "realistically threatened by a *repetition* of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (citing *Armstrong v. Davis*, 275 F.3d 849, 860–61 (9th Cir. 2001) (emphasis in original)).

Plaintiff replies that he has standing because defendants' conduct continues to negatively affect plaintiff and is bound to cause future harm (Reply Br. 14). Because he lives in an area where he can still subscribe to cable services, plaintiff argues in vague terms that relief would remedy "the harm [he] has suffered through the inconvenience of terminating his subscription to cable services." Plaintiff also states that at the very least, the requested injunctive relief would provide a benefit to him by offering him more potential choices for obtaining television-program services.

To support his argument, plaintiff relies on an unpublished decision, *Gonzalez v. Metropolitan Transportation*, 73 Fed. Appx. 986 (9th Cir. 2003). *Gonzalez*, however, is

1 factually distinguishable from the case at hand.  In *Gonzalez*, the plaintiff sought injunctive
2 relief against her past employer to stop the employer's practice of random drug testing.
3 The Ninth Circuit held her claims were not moot because the plaintiff testified that she would
4 resume her employment with the defendant once the drug testing was stopped.  Unlike the case
5 at bar, the plaintiff in *Gonzalez* made a clear showing that she could not avoid the injuries she
6 complained of unless she declined to return to her employment with the defendant.[1]

7 As to plaintiff, the alleged wrong is over.  His saga, while relevant, does not establish
8 standing to seek future relief, at least without some continuing, present adverse effect.
9 *O'Shea v. Littleton*, 414 U.S. 488, 496–97 (1974).  Plaintiff is no longer a cable subscriber.  He
10 has not demonstrated there exists a definitive likelihood that he will once again become a
11 subscriber of defendants' cable services.  *See id.* at 496–97 (stating that the test for standing in
12 the injunctive-relief context requires a showing of a definitive likelihood of future harm to the
13 plaintiff).  Here, plaintiff has not stated or demonstrated that he will re-subscribe to cable
14 services if he is not required to rent cable equipment from defendants.  As a result, plaintiff's
15 claims of possible future injury are too speculative and attenuated to warrant prospective relief.
16 *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999).

17 Plaintiff further argues that a class allegation cures his own standing problem.
18 Surely, there must be some class members, he urges, who have suffered the same course of
19 conduct but have not terminated their cable television service with defendants (Opp. 15).
20 The Ninth Circuit held in *Hodgers-Durgin*, however, that system-wide injunctive relief is not
21 available based solely on alleged injuries to unnamed members of a proposed class.  *Id.* at 1045.
22 *Unless the named plaintiff is himself entitled to seek injunctive relief, he "may not represent a*
23 *class seeking that relief."*  *Ibid.*  Any injury that unnamed members of the proposed class may
24 have suffered is irrelevant to the question whether our named plaintiff is entitled to the
25 injunctive relief he seeks.  Plaintiff's prayer for prospective relief with regard to his

---

[1] Plaintiff also mischaracterizes the holding of the *Gonzalez* decision in his brief.  Plaintiff states that the Ninth Circuit held that injunctive relief was an effective remedy for the plaintiff.  In actuality, the Ninth Circuit ultimately reversed a grant of summary judgment for the plaintiff.  The circuit court instead ordered summary judgment for the defendant employer, holding that random drug testing of employees who perform safety-sensitive functions was constitutional.  *Gonzalez*, 73 Fed. Appx. at 989–90.

5

negligent-misrepresentation and unjust-enrichment claims cannot be granted under Article III. This part of the dismissal motion must be granted.

Similarly, the tentative ruling also would have barred injunctive relief as to plaintiff's Sections 17200 and 17500 claims for the same reasons stated above — lack of Article III standing. Curiously, defendants stated in their response to the tentative ruling that they had not requested such relief in their motion. The Court may be forgiven for having interpreted defendants' motion more broadly.[2] Given the fact that this issue was within the scope of the motion and given that the Court gave notice of its intention to dismiss plaintiff's request for injunctive relief for lack of standing under Article III, the Court will stand by its tentative ruling and deny plaintiff's request for all injunctive relief, including his Sections 17200 and 17500 claims.

No state legislature can override Article III. No state legislature may attempt to confer jurisdiction on a federal court. Of course, a state legislature can confer jurisdiction on its own state courts. When a case is filed in a federal court or when a case is removed to a federal court, the federal court is bound by Article III. The state legislature may no more allow injunctive relief in this case than were it to pass a statute allowing courts to give advisory opinions. This raises the interesting prospect that plaintiff may still be permitted to assert a claim for injunctive relief in state court against defendants, notwithstanding that this case may go to judgment. This may be one of the downsides of defendants' removal to this court, *i.e.*, allowing plaintiff to split his claim.

**3.     UNFAIR COMPETITION CLAIMS AND FALSE ADVERTISING CLAIMS.**

Plaintiff seeks restitution and prospective relief under California Business and Professions Code Sections 17200 and 17500. As stated above, plaintiff is not entitled to prospective relief because he has no Article III standing.

---

[2] In their motion to dismiss, defendants request that "the Court strike plaintiff's allegations relating to his request for declaratory and injunctive relief, although without leave to amend" (Br. 9). Nowhere in their briefs did defendants specify that their request to strike plaintiff's requests for prospective relief was limited to only certain claims.

In his complaint, plaintiff asserts that he has suffered ascertainable injury related to the monthly rental of converter box equipment in addition to attorney's fees and costs. As such, plaintiff seeks restitution, injunctive relief and "all other relief available" under Section 17200 (Compl. ¶¶ 82–83). The complaint thus appears to refer to damages. Alternative relief in the form of damages, however, is not available for unfair competition claims.

While the scope of conduct covered by the Unfair Competition Law is broad, its remedies are limited. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003). An unfair competition action is equitable in nature; thus damages are not available to private plaintiffs who bring Section 17200 claims. *Ibid.* As a result, "prevailing plaintiffs are generally limited to injunctive relief and restitution." *Ibid.* (citing *Cel-Tech Commc'ns Inc., v. Los Angeles Cellular Tel. Inc.*, 20 Cal. 4th 163, 179 (Cal. 1999). Section 17203 of the Business and Professions Code sets forth the remedies for violations of Section 17200 claims, and provides that restitutionary relief will be available where the court concludes that such relief is "necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. This section does not refer to damages, but rather speaks to the restoration of monies or property acquired in violation of Section 17200 as ancillary relief to an injunction. Consequently, if the court enters an injunction, then the court may also enter restitutionary relief. If, however, the court does not enter injunctive relief, then there is no occasion to consider ancillary relief in the form of an award of restitution. Plaintiff in this case is not entitled to restitutionary relief because he lacks standing even to obtain an injunction. The same reasoning applies to plaintiff's false-advertising claim. Cal. Bus. & Prof. Code § 17535. Plaintiff's Sections 17200 and 17500 claims are therefore dismissed in their entirety.

This is not a ruling on the merits of plaintiff's Sections 17200 and 17500 claims, but a holding that Article III will not allow a federal court to entertain them, at least at the behest of our plaintiff. If plaintiff re-files the Sections 17200 and 17500 claims in state court, it will be up to the state court, of course, to determine whether plaintiff should be allowed to split his claims. Put differently, this dismissal is without prejudice.

7

### 4.  SECTION 1782'S NOTICE REQUIREMENT.

California Civil Code Section 1782 has two provisions pertinent here. The thirty-day notice provision is a prerequisite to a suit for damages but not for injunctions. Cal. Civ. Code § 1782(a), (b). An injunction action, however, may be amended thirty days after compliance with the notice provision to add a claim for damages. Cal. Civ. Code § 1782(d).

The complaint here alludes to damages. That will be stricken as premature under Sections 1782(a) and (b). The stricken pleading is Paragraph 92 in the complaint. This is without prejudice to an amendment adding similar allegations back in once plaintiff is able to show compliance with Section 1782(d) and the thirty-day period. This is not a summary judgment ruling because it is made on the face of the pleading. This is a simple motion to dismiss or to strike allegations premature under Section 1782. Consequently, the Rule 56(f) motion to seek discovery is deemed as moot (and would have been directed at a point of little relevance to all events).

The Court is aware that Judge Sabraw of the Southern District of California has dismissed a Section 1782 claim with prejudice where the complaint requested damages prematurely. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005). The undersigned believes this draconian sanction is unwarranted. Given that the legislature specifically contemplated that an action seeking injunctions can be amended to include a damages claim after the thirty days have run, the goal of the legislature would best be served by allowing amendment in the circumstances of this case. There are other disciplinary ways to deal with any willful disregard of the law, such as attorney's fees awards to name just one.

### 5.  NEGLIGENT MISREPRESENTATION CLAIM.

Similarly, the following addresses claimed defects on the face of the complaint. For these purposes, the motion will be treated as one to dismiss rather than a motion for summary judgment.

All agree that the negligent-misrepresentation claim must, at the very least, meet the notice pleading requirements of Rule 8(a)(2). The parties disagree, however, over whether plaintiff must also meet the heightened pleading requirements of Rule 9(b). Plaintiff asserts that

8

1  the applicable standard to apply to a claim for negligent misrepresentation is Rule 8(a) and
2  relies on the district court case *In re Heritage Bond Litigation*, 289 F. Supp. 2d 1132
3  (C.D. Cal. 2003). That decision held that Rule 9(b) does not expressly apply to a claim for
4  negligent misrepresentation. *Id.* at 1132. Most district courts within the Ninth Circuit have
5  held, however, that a negligent-misrepresentation claim is subject to the heightened pleading
6  requirements of Rule 9(b). *See e.g., Neilson v. Union Bank of California, N.A.*,
7  290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (stating that the elements of a cause of action for
8  negligent misrepresentation are the same as those of a claim for fraud, with the exception that
9  the defendant need not actually know the representation is false).[3] This order will follow the
10 guidance of other district courts, which have consistently held that Rule 9(b) is the correct
11 pleading standard to apply to negligent misrepresentation claims.

12 Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances
13 constituting fraud or mistake shall be stated with particularity." A pleading is sufficient under
14 Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare
15 an adequate answer from the allegations. *Neubronner v. Milken*, 6 F.3d 666, 671
16 (9th Cir. 1993). Averments of fraud must be accompanied by "the who, what, when, where, and
17 how" of the misconduct charged in the complaint. *Vess v. Ciba-Geigy Corp. USA*,
18 317 F.3d 1097, 1106 (9th Cir. 2003).

19 Throughout his complaint, plaintiff asserts that (1) defendants made material
20 representations or omissions regarding the need for rental of cable equipment, (2)
21 misrepresented the availability of this equipment from third parties, and (3) failed to adequately
22 inform subscribers that they no longer needed to rent this equipment from defendants
23 (Compl. ¶¶ 1–10, 41–59, 64–68, 76–78, 94). The complaint, however, does not provide the
24 particulars of when, where, or exactly how these alleged misrepresentations occurred.
25 The complaint cites only one specific source of misrepresentation — defendants' standardized

---

[3] *See also Thomas v. Hickman*, 2006 WL 2868967, at *24 (E.D. Cal. 2006) (applying Rule 9(b) to a negligent-misrepresentation claim); *Meridian Project Sys., Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) (stating that "[i]t is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement"); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) (same).

9

1  billing statements. The complaint alleges that defendants' billing statements included improper
2  charges for rented cable equipment (Compl. ¶ 82). How a recorded charge on a billing
3  statement led plaintiff to believe the rental equipment was necessary and would induce him to
4  rent the equipment solely from defendants is entirely unclear. Furthermore, plaintiff's general
5  allegations that defendants' "advertisements, promotions, labeling, policies, acts and practices"
6  were untrue and misleading are likewise too general and unspecific (Compl. ¶ 94).

In his opposition, plaintiff makes only a conclusory statement that the complaint has satisfied the more rigorous requirements of Rule 9(b) (Opp. 8–11). This order holds that the present allegations are insufficient to fulfill Rule 9(b)'s pleading standards. The deficiencies of plaintiff's complaint, however, may possibly be cured by amendment. Consequently, leave to amend will be **GRANTED**.

### 6. UNJUST-ENRICHMENT CLAIM.

With respect to the unjust-enrichment claim, defendants argue that because plaintiff has pleaded the existence of a valid contract, he cannot also make an unjust-enrichment claim. Plaintiff replies he has not conceded that the parties' relationship was governed by a contract (Opp. 5). Defendants rejoin that under California state law, plaintiff does not have a legal right to claim unjust enrichment when there is no dispute regarding the existence of a written agreement between the parties (Reply 4–6).

As defendants have not answered the complaint, it is unclear whether there exists a valid written agreement between the parties. Defendants have provided the Court with a notice of defendants' procedures and policies, which they assert is the governing contract (Br. 5). Although this document is informative as to the representations made by defendants, it is too early to conclude whether this document constitutes the governing agreement between the parties. The notice does state that it expressly sets forth the customer's "sole and exclusive remedies under the agreement" (Escher Decl. Exh. B at 2). Such statements, however, are not dispositive as to whether the notice constitutes a valid contract between the parties. For one, the document appears to be a general notice and is not signed by any of the parties. Furthermore,

defendants have not proven that plaintiff either received or reviewed this document. Other sub-issues may encumber the question. Accordingly, the motion as to this claim is **DENIED**.

**CONCLUSION**

For the foregoing reasons, defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Because plaintiff has failed to demonstrate Article III standing, defendants' motion as to plaintiff's claims for declaratory and injunctive relief is **GRANTED**. The Sections 17200 and 17500 claims are dismissed in their entirety without prejudice but without leave to amend. As for the CLRA claim, plaintiff should be allowed to remedy his premature request for damages. Plaintiff's CLRA claim is therefore **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** after the thirty-day period has run. Additionally, because the parties are in dispute about whether there exists a governing contract between them, defendants' motion to dismiss plaintiff's unjust enrichment claim is **DENIED**. Finally, with respect to plaintiff's state claim for negligent misrepresentation, plaintiff has failed to meet Rule 9(b)'s pleading standard. Consequently, plaintiff's negligent misrepresentation claim is **DISMISSED WITH LEAVE TO AMEND**. All such amendments must be filed by **JANUARY 5, 2007**. Defendants' answer or motion must be filed by **JANUARY 26, 2007**.

**IT IS SO ORDERED.**

Dated: December 21, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE